Envision Healthcare Corp. v XL Ins. Am., Inc. (2024 NY Slip Op 04601)

Envision Healthcare Corp. v XL Ins. Am., Inc.

2024 NY Slip Op 04601

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 651163/22 Appeal No. 2631 Case No. 2023-02825 

[*1]Envision Healthcare Corporation, Plaintiff-Appellant,
v
XL Insurance America, Inc., Defendant-Respondent.

Latham & Watkins LLP, New York and Latham & Watkins LLP, Washington DC (Michael E. Bern of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Zelle LLP, New York (Gabrielle Siskind of counsel), and Zelle LLP, Minneapolis, MN (Daneil Millea of the bar of the State of Minnesota, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered April 26, 2023, which granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
The allegations in the amended complaint are not sufficient to state claims for COVID-related "direct physical loss or damage" as that phrase is used in plaintiff's property insurance policy. Plaintiff failed to properly allege a "direct physical loss" to its property from COVID-19 contamination, which is distinct from a claim for "loss of use," because the complaint does not allege that the physical contamination at the facilities at issue was a persistent and complete contamination that eliminated the function of the buildings, rendered them uninhabitable, and required their complete shutdown (see Consolidated Rest. Operations, Inc. v Westport Ins. Corp., 41 NY3d 415, 431 [2024]). Because we conclude, on this basis, that the policy does not cover plaintiff's direct physical loss of property claims, we do not address whether a direct physical loss claim, like a direct physical damage claim, requires an actual, physical alteration to the property caused by the COVID particles (see id.).
Plaintiff also failed to properly allege "direct physical damage" relating to its medical equipment, supplies, and air ventilation systems. Consistent with the "[c]ountless decisions across the country [that] have likewise dismissed similar property insurance claims involving allegations that the presence of the coronavirus damaged insured property" (id. at 434), Supreme Court correctly dismissed the amended complaint because it insufficiently alleges how the coronavirus affects and damages the physical integrity of structures or property. The complaint, as bolstered by the supporting expert affidavit, alleges that COVID droplets absorb into physical surfaces, creating a chemical bond between the viral particles and the surface that alters the chemical composition or physical integrity of a structure, including by increasing its roughness and making it more or less likely to repel water. However, plaintiff does not allege, and could not plausibly allege, that items such as medical supplies and equipment exposed to COVID contamination require repair or replacement because of changes in their chemical composition (see e.g. Lawrence Gen. Hosp. v Continental Cas. Co., 90 F4th 593, 603 [1st Cir 2024]; Tappo of Buffalo, LLC v Erie Ins. Co., 2020 WL 7867553, *4, 2020 US Dist LEXIS 245436, *11 [WD NY Dec. 29, 2020, 20-CV-754V(Sr)]).
In light of our determination, we do not reach the question of whether the policy exclusions that defendant cites are triggered.
We also decline to grant leave to file a second amended complaint, as an amendment would be futile (see Silverstein v Pillersdorf, 199 AD3d 539, 540 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024